AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*February 25, 2025*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Fernando Ramirez-Noria | ) | Case No. **4:25-mj-0101** |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 13, 2023__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) (1) | a native and citizen of Mexico and an alien who had been previously deported from the United States, after having been convicted of a crime defined as a felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Shawna Campbell, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: __02/25/2025__

_____
*Judge's signature*

City and state: __Houston, Texas__    Yvonne Y. Ho, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Shawna Campbell, being duly sworn by telephone, hereby depose and say:

(1)   I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 2016. Prior to this assignment, I have held the following positions: Immigration Enforcement Agent and a Federal Correctional Officer. My law enforcement career began on January 7, 2007, as a Federal Correctional Officer. I have over 10 years of immigration law enforcement experience.

(2)   On February 24, 2025, at 1245, Fernando Ramirez-Noria released into ICE custody. The Defendant is also known as or has used the alias of Fernando Ramirez Noria, Fernandez Ramirez Moria, Fernando Ramirez.

(3)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)   Element One: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)   Element Two: The Defendant has previously been deported or removed from the United States on the following occasion(s):

   a. January 16, 2015
   b. April 3, 2015
   c. April 20, 2015
   d. October 21, 2016
   e. July 18, 2017
   f. June 30, 2020

(7) <u>Element Three</u>:  After deportation, the Defendant was subsequently found in the United States on August 13, 2023, in Houston, Texas which is within the Southern District of Texas.  Specifically, within the Houston or Galveston Division of the Southern District of Texas. Additionally, ICE's Law Enforcement Support Center ("LESC") has been consulted to determine whether, in the past five years and after the Defendant's last deportation, the Defendant has been encountered by law enforcement prior to the date specified earlier in this paragraph.  On January 25, 2025, I reviewed the response from LESC and confirmed that LESC had no record of such an encounter.

(8) <u>Element Four</u>:  The Defendant did not have permission to reenter the United States. On January 25, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.  I have requested certification of this fact from the Records Branch of the Immigration Service.

(9) <u>Prior Criminal History / Gang Affiliation</u>.  The Defendant has the following prior criminal history and/or gang affiliation:

   a. On November 15, 2024, the Defendant, using the name Fernando Ramirez-Noria, was convicted in the 230th District Court, Harris County, Texas for the offense of DWI third, a felony. For this offense, the Defendant was sentenced to three (3) years in Texas Department of Criminal Justice.

   b. On April 23, 2019, the Defendant, using the name Fernando Ramirez-Noria, was convicted in the United States District Court, Southern District of Texas for the offense of Illegal re-entry, a felony. For this offense, the Defendant was sentenced to twenty-four (24) months in Federal Prison.

   c. On May 3, 2018, the Defendant, using the name Fernando Ramirez-Noria, was convicted in the 180th District Court, Harris County, Texas for the offense of DWI third, a felony. For this offense, the Defendant was sentenced to two (2) years in Texas Department of Criminal Justice.

   d. On May 9, 2017, the Defendant, using the name Fernando Noria Ramirez, was convicted in the County Criminal Court No. 14, Harris County, Texas for the offense of Driving while intoxicated, a misdemeanor. For this offense, the Defendant was sentenced to one hundred eighty (180) days in Harris County Jail.

e. On May 8, 2017, the Defendant, using the name Fernando Ramirez, was convicted in the County Criminal Court No. 14, Harris County, Texas for the offense of DWI 2nd, a misdemeanor. For this offense, the Defendant was sentenced to two hundred twenty (220) days in Harris County Jail.

f. On October 17, 2016, the Defendant, using the name Fernando Noria Ramirez, was convicted in the County Criminal Court No. 14, Harris County, Texas for the offense of Driving while intoxicated, a misdemeanor. For this offense, the Defendant was sentenced to one hundred eighty (180) days in Harris County Jail.

g. On March 9, 2015, the Defendant, using the name Fernando Ramirez-Noria, was convicted in the United States District Court, Southern District of Texas for the offense of Illegal entry, a misdemeanor. For this offense, the Defendant was sentenced to thirty (30) days in Federal Prison

h. On November 12, 2014, the Defendant, using the name Fernando Ramirez, was convicted in the 338th District Court, Harris County, Texas for the offense of assault, a misdemeanor. For this offense, the Defendant was sentenced to one hundred twenty (120) days in Harris County Jail.

Shawna Campbell, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me on this 25th day of February 2025, and I find probable cause.

Hon. Yvonne Y. Ho
United States Magistrate Judge
Southern District of Texas